FILED
CLERK, U.S. DISTRICT COURT

OCT 3 2008

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. STANKEY,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and DOES 1 through 30, INCLUSIVE,<br><br>    Defendants. | Case No. CV 03-5451 GPS (RCx)<br><br>Assigned for All Purposes to the Honorable George P. Schiavelli<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The above entitled action came on reguarly for trial on January 4-5, 2005. After considering the parties positions, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT:**

1. This is a Federal Torts Claims Act suit brought by Plaintiff Scott E. Stankey

against the United States of America, Defendant.

2. This action arises out of a motor vehicle accident that occurred on November 18, 2000 at 11:22 a.m.

3. The accident occurred on westbound East Main Street in Ventura, California.

4. Defendant admitted liability.

5. Plaintiff was involved in a previous automobile accident in 1991. Plaintiff had neck and back complaints after this accident.

6. In 1992, Plaintiff had a lumbar laminectomy and disectomy.

7. After Plaintiff's 1992 surgery and before the accident in 2000, Plaintiff had chiropractic treatment for pain in his mid-lower back area.

8. Plaintiff had chiropractic treatment to his low back just months before the November 18, 2000 accident.

9. Plaintiff had degenerative disk disease in his lumbar spine prior to the November 18, 2000 accident.

10. Plaintiff's pre-existing degenerative condition in his lumbar spine was aggravated by the November 18, 2000 accident.

11. Plaintiff has 100% of normal motion in his thoracolumbar spine.

12. Plaintiff had pre-existing degenerative disk disease in the cervical and thoracic spine.

13. There is no neurological deficit and no cervical radiculopathy in Plaintiff's upper extremities.

14. Plaintiff has 100% of normal motion in his neck area in all directions without pain or difficulty.

15. Special damages incurred by Plaintiff, including medical expenses, automobile rental, and loss of earnings total $12,450.19.

16. Plaintiff failed to meet his burden of showing by the preponderance of the evidence that the injuries complained of at the time of trial were the result of the November 18, 2000 accident.

17. The evidence was very strong that the injuries Plaintiff complained of at the time of trial could have been the result of the prior accident rather than the November 18, 2000 accident.

18. Plaintiff's injuries could have been the result of Plaintiff's exceedingly vigorous regimen of athletic endeavors including tournament-level basketball and surfing.

19. Plaintiff suffered several months of pain as a result of the November 18, 2000 accident.

20. Plaintiff is awarded $50,000 as general damages.

21. Total judgment is $62,450.19.

**CONCLUSIONS OF LAW**

1. Under the Federal Torts Claims Act, the liability of the United States is judged pursuant to the law of the state where the negligent act or omission alleged by the plaintiff occurred. *Richards v. United States*, 369 U.S. 1 (1962).

2. Judgment shall issue in favor of Plaintiff, Scott E. Stankey and against Defendant, the United States of America, for the total sum of $62,450.19.

**IT IS SO ORDERED.**

Dated this 1st day of October, 2008

Hon. George P. Schiavelli
United States District Judge